# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VALERIE TOWNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-01635-NCC |
| | ) |
| WALGREENS COMPANY, | ) |
| | ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Valerie Townes' motion for leave to proceed in forma pauperis. (Docket No. 2). Upon review of the motion and the financial information submitted in support, the Court finds that plaintiff's motion should be granted. Additionally, for the reasons discussed below, the Court will dismiss plaintiff's claims under the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA) without prejudice. However, as plaintiff's claim under Title VII of the Civil Rights Act of 1964 (Title VII) appears to be timely and fully exhausted, the Clerk of Court will be directed to issue process on defendant Walgreens Company.

### The Complaint

Plaintiff has filed a pro se complaint under Title VII, the ADEA, and the ADA. (Docket No. 1 at 1). She names Walgreens Company as defendant. Plaintiff states that she was terminated from her position with Walgreens on the basis of her race, disability, and age. (Docket No. 1 at 5). Plaintiff worked at Walgreens for ten years and was fired on October 11, 2017. (Docket No. 7 at 3).

Plaintiff alleges that beginning in September 2017, she began receiving write-ups due to absences that exceeded the six annual absences she was allowed. During that month, she received a first written warning and a final warning. On September 26, 2017, plaintiff requested four weeks off to take care of personal issues. Plaintiff states that Walgreens denied this request because it was the holiday season. (Docket No. 1 at 5). On October 11, 2017, plaintiff was fired. (Docket No. 7 at 3).

Plaintiff claims that throughout her employment she was denied opportunities of advancement. (Docket No. 1 at 5). She states that she worked the night shift for five years and Walgreens refused to let her off until she contacted human resources. (Docket No. 1 at 6). However, when white employees asked to get off the night shift, plaintiff asserts that they were removed immediately. Plaintiff also alleges that a white employee exceeded her limit of absences, continued to be absent throughout the year, and is still working for Walgreens.

Plaintiff filed her complaint on September 25, 2018. The first page of her form complaint indicates that she is bringing her lawsuit pursuant to Title VII, the ADEA, and the ADA. She included a right to sue letter from the Equal Employment Opportunity Commission (EEOC), giving her ninety days in which to file a lawsuit. (Docket No. 1-1). The right to sue letter was mailed to plaintiff on June 28, 2018. However, plaintiff did not include the charge of discrimination that she filed with the EEOC.

On December 17, 2018, the Court directed plaintiff to submit a copy of her EEOC charge of discrimination within thirty days. (Docket No. 5). Plaintiff duly complied with this order by submitting her EEOC charge to the Court on December 26, 2018. (Docket No. 7). Review of plaintiff's charge of discrimination shows that the charge is based upon racial discrimination in the termination of plaintiff's employment with Walgreens.

## Discussion

Plaintiff purports to bring this case pursuant to Title VII, the ADEA, and the ADA. However, plaintiff's charge of discrimination with the EEOC is based solely on racial discrimination. Accordingly, plaintiff's claims under the ADEA and the ADA will be dismissed without prejudice for failure to exhaust administrative remedies. However, as plaintiff's Title VII claim appears timely and exhausted, the Clerk of Court will be directed to issue process on defendant Walgreens Company.

### A. Plaintiff's ADEA Claim

"The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005). *See also Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their age"); and *Kneibert v. Thomson Newspapers, Michigan Inc.*, 129 F.3d 444, 451 (8th Cir. 1997) ("The ADEA prohibits an employer from discharging any individual or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age"). In order to succeed on an age discrimination claim, the plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[1] burden shifting framework. *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016). If the plaintiff does not offer direct evidence, "she must establish a prima facie case of discrimination by showing that she (1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3

action, and (4) can provide facts that give rise to an inference of unlawful discrimination on the basis of a protected class status." *Id. See also Robinson v. American Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014).

"Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court." *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005). To assert an ADEA claim, the plaintiff must first file a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018). This requirement provides the EEOC with an initial opportunity to investigate allegations of employment discrimination and work with the parties toward voluntary compliance. *Shelton*, 399 F.3d at 912.

Here, plaintiff has filed a charge of discrimination with the EEOC. However, there is no indication that she alleged that she had been discriminated against on the basis of her age. Rather, the charge is predicated on alleged discrimination on the basis of plaintiff's race.

"A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). Since a person filing EEOC charges typically lacks legal training, the charges are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). Nevertheless, to allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994). Therefore, a plaintiff's claims of employment discrimination in his or her complaint "may be as broad as the scope of the EEOC investigation which reasonably

4

could be expected to result from the administrative charge." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

Plaintiff's claim of age discrimination under the ADEA is not like or reasonably related to the race allegations in her administrative charge. On the administrative charge, plaintiff checked the box marked "race," and included factual allegations stating that she was fired for excessive absences, while a white employee was not. (Docket No. 7 at 3). However, she does not indicate that she has been discriminated against on the basis of her age, either by checking the "age" box or including any age-related facts among her allegations. Based on the contents of her administrative charge, the EEOC investigation could not have been expected to cover age-related claims. Therefore, in order to bring a claim of age discrimination under the ADEA, plaintiff first needs to exhaust her administrative remedies by filing an age discrimination claim with the EEOC. *See Shelton*, 399 F.3d at 912; *Moses*, 894 F.3d at 919. She has not done so in this case.

Since plaintiff's EEOC charge of discrimination does not include any age-related claims, she has not exhausted her administrative remedies under the ADEA. Accordingly, plaintiff's ADEA claim must be dismissed without prejudice.

### B. Plaintiff's ADA Claim

"The ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). Discrimination includes an employer not making a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012). In order to establish a prima facie case of discrimination under the ADA, "an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and

5

(3) has suffered an adverse employment action because of her disability." *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). *See also Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 684 (8th Cir. 2003). To establish a disability, an ADA claimant must show a physical or mental impairment substantially limiting a major life activity, a record of such impairment, and that the claimant is regarded as having such impairment. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490-91 (8th Cir. 2002).

If a plaintiff desires to bring an ADA claim, he or she must first exhaust his or her remedies with the EEOC. *See* 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5(e)(1), outlining charge requirements). *See also Moses*, 894 F.3d at 919 (stating that in order to assert ADA claim, the plaintiff must have first exhausted his administrative remedies by filing a charge of discrimination with the EEOC); *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 638 (8th Cir. 2003) ("There is a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"); and *Randolph v. Rogers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies").

As with the ADEA claim discussed above, plaintiff has filed a charge of discrimination with the EEOC. However, there is no indication that she alleged that she had been discriminated against on the basis of a disability. Rather, plaintiff's administrative charge is predicated on alleged discrimination on the basis of her race.

"A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey*, 278 F.3d at 838. Since a person filing EEOC charges typically lacks legal training, the charges are

6

interpreted liberally. *Cobb*, 850 F.2d at 359. Nevertheless, to allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams*, 21 F.3d at 223. Therefore, a plaintiff's claims of employment discrimination in his or her complaint "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi*, 400 F.3d at 585.

Similar to her ADEA claim, plaintiff's allegation in her complaint that she was discriminated against on the basis of a disability is not like or reasonably related to the charge of discrimination she filed with the EEOC. On the administrative charge, plaintiff checked the box marked "race," and included factual allegations stating that she was fired for excessive absences, while a white employee was not. (Docket No. 7 at 3). However, she does not indicate that she has been discriminated against on the basis of a disability, either by checking the "disability" box or including any disability-related facts among her allegations. Based on the contents of her administrative charge, the EEOC investigation could not have been expected to cover disability-related claims. Therefore, in order to bring a claim of disability-based discrimination under the ADA, plaintiff first needs to exhaust her administrative remedies by filing a disability-related charge with the EEOC. *See Shelton*, 399 F.3d at 912; *Moses*, 894 F.3d at 919. She has not done so in this case.

Since plaintiff's EEOC charge of discrimination does not include any disability-related claims, she has not exhausted her administrative remedies under the ADA. Accordingly, plaintiff's ADA claim must be dismissed without prejudice.

7

## C. Plaintiff's Title VII Claim

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). Before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018). *See also Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (stating that "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court"). A Title VII claimant is required to demonstrate good faith participation in the administrative process in order to exhaust his or her administrative remedies. *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017).

Plaintiff has demonstrated that she has filed a charge of discrimination with the EEOC. Her administrative charge checks the box for "race" and includes factual allegations stating that she is a black employee who has been treated differently than white employees. As such she has exhausted her administrative remedies for her Title VII claim. The EEOC mailed plaintiff a right to sue letter on June 28, 2018, giving plaintiff ninety days in which to file a lawsuit. (Docket No. 1-1). Plaintiff filed her complaint on September 25, 2018, within the ninety-day period provided by 42 U.S.C. § 2000e-5(f)(1). Thus, her complaint appears to be timely filed, and the Clerk of Court will be directed to issue process upon defendant Walgreens Company.

### D. Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied at this time.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). *See also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed counsel...Rather a court may request an attorney to represent any person unable to afford counsel"). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim...and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

9

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's claim under the ADEA is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that plaintiff's claim under the ADA is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on plaintiff's Title VII claim by serving defendant Walgreens Company on its designated agent, CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

A separate order of partial dismissal will be entered herewith.

Dated this 22rd day of January, 2019.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE